IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CASEY JENNINGS, Pro Se, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 2:13-CV-0015 |
| | § | |
| MATTHEW CLAY, STEVE DAVIS, | § | |
| DARRYL CLARK, and | § | |
| ANDREW ALPAR, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff CASEY JENNINGS, acting pro se, has filed suit pursuant to Title 42, United States Code, sections 1983, 1985, and 1986, as well as *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By her Complaint, plaintiff claims she has sustained violations of her rights secured by the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments.

Plaintiff alleges she was unlawfully arrested, detained, and interrogated by defendants acting under state and federal authority when, on or about June 14, 2012, the defendants appeared at her place of employment to arrest her on a warrant for traffic violations[1] and as part of an on-going criminal investigation of plaintiff's common-law husband and other family members. Plaintiff alleges defendant CLAY hit her without justification and threw her into the wall, where

---

[1] Plaintiff had been charged with driving with an expired/suspended driver's license, which charge was enhanced to a class B misdemeanor after she was charged with driving without liability insurance on January 30, 2012.

she sustained an undisclosed injury.  Plaintiff says defendants used profanity and vulgarity and placed a gun to her head.  Plaintiff says she was then transported to the DPS Office and interrogated for 6-7 hours without counsel about the activities of her common-law husband but refused to provide the requested information.  Plaintiff was then transported to the jail for processing of her traffic warrant.  Plaintiff says after she posted bail, she was directed not to return to work for at least sixty days.

Plaintiff alleges the defendants directed that she be terminated from her employment with defendant ALPAR without cause.  She states that, when she obtained another job, the defendants called her new employer, resulting in her termination.  Plaintiff says that, six months later, the defendants filed a resisting arrest charge, which plaintiff contests,  based upon the events that occurred in June of 2012.

Plaintiff alleges she has suffered severe and lasting mental and emotional distress and requests "impingement of all records and notations relating to the arrest warrants and DPS records, but not limited to any databases that report such information and or retain same, but not limited to the above," and an award of $15,000.00 for every thirty minutes of unlawful restraint and punitive damages of $155,000.00, as well as costs and fees.

## JUDICIAL REVIEW

Title 28, United States Code, section 1915(e)(2) provides:

> [T]he court shall dismiss the case at any time if the court determines that--
>
>> (A) the allegation of poverty is untrue;  or
>>
>> (B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2).

Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any time the Court makes a determination of frivolousness, etc.

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if her claim presents grounds for dismissal or should proceed to answer by the defendant.

## THE LAW AND ANALYSIS

### CONSPIRACY CLAIMS

Review of plaintiff's complaint shows plaintiff has utterly failed to allege any material fact to support a claim of conspiracy. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff's only attempt to support a claim of conspiracy is to state that defendant ALPAR fired her when he was "instructed" to do so by one or more of the other defendants. Nevertheless, plaintiff's own allegations and the documents she submitted from the Texas Workforce Commission Appeal Tribunal show plaintiff was initially suspended without pay and

3

would have been taken back if she had submitted documentation showing the charges against her had been cleared[2]. While plaintiff was on suspension, defendant ALPAR discovered she had been dispensing contact lenses illegally and without charge, constituting theft[3]. That led to plaintiff's discharge.

Further, plaintiff has presented facts showing defendant ALPAR was informed by law enforcement officials that plaintiff was allegedly receiving packages of money from her common-law husband, who had been arrested for theft of the elderly, and it was possible she was laundering money for his gang of thieves. It was pointed out to defendant ALPAR that, through her employment at his office, plaintiff had access to identifying information on his patients and, if she was willing to receive money from alleged criminals, she might also be willing to assist in identify theft.

Plaintiff's facts belie her own claim that defendant ALPAR terminated plaintiff's employment on anyone's instructions and do not support the existence of a conspiracy to violate any of plaintiff's civil rights. Thus, plaintiff has failed to allege a claim of conspiracy.

**CLAIMS UNDER SECTIONS 1985 AND 1986**

The elements of a claim under section 1985 are: (1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or her

---

[2]Page numbered 9-A in upper left corner and numbered Page 02/08 in upper right corner of Exhibit A filed May 30, 2013.

[3]Page numbered 15-A in upper left corner and numbered Page 04/08 in upper right corner of Exhibit A filed May 30, 2013.

deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy. *Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969). Plaintiff has failed to allege material facts to support her allegations of conspiracy involving any of the defendants and has not alleged facts to support an intention to discriminate against her on the basis of any suspect class or to deprive her of any constitutionally protected rights. Instead, plaintiff's allegations of conspiracy are vague and conclusory. Plaintiff has failed to state a claim under section 1985 on which relief can be granted.

A section 1986 claim requires an underlying section 1985 claim as its foundation. *Irwin v. Veterans Administration*, 874 F.2d 1092, 1095 (5th Cir.), *aff'd*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1991)(section 1985 conspiracy forms an integral part of a section 1986 claim). Plaintiff's claim under section 1986 fails because there is no valid underlying section 1985 claim.

**SECTION 1983 CLAIMS AGAINST DEFENDANT ALPAR**

Plaintiff states she is suing defendant ALPAR for discrimination, employment discrimination, and wrongful termination. When asked to identify each act or omission by defendant ALPAR which supports each of these claims, plaintiff's response was that he "aided the [other] defendants in an attempt to obtain information and to terminate [her] employment merely because of [the] acts of another person . . .[and] because [she] would not submit to the defendants['] interrogation." She also stated he provided false witnesses to justify his actions during the Texas Workforce Commission hearings/appeals and falsely accused her of criminal acts and/or unadjudicated conduct without due course of law and equal protection under the law.

When a deprivation of rights secured by the Constitution and laws of the United States takes place under color of state law, a remedy is provided by section 1983. *Lugar v. Edmondson*

*Oil Co., Inc.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).  Section 1983 was

enacted to enforce the provisions of the Fourteenth Amendment of the Constitution, which

provides in part that "[n]o State make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States...."  *Id.* at 934.  Because the Fourteenth Amendment

is directed at states it can be violated only by conduct that may be fairly characterized as "state

action."  *Id.* at 937.

      To state a claim under section 1983, the plaintiff must allege: (1) a violation of a right

secured by the Constitution and laws of the United States; and (2) that the alleged deprivation

was committed by a person acting under color of state law.  *West v. Atkins,* 487 U.S. 42, 49, 108

S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26

L.Ed.2d 142 (1970).

      Private conduct, no matter how discriminatory or wrongful, is not actionable under

section 1983.  *American Mfgs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143

L.Ed.2d 130 (1999).  Plaintiff has utterly failed to allege any fact showing defendant ALPAR was

acting under color of state law in connection with any claim she alleges against him.  For that

reason, even if defendant ALPAR's acts or omissions were wrongful or violated rights secured

by the Constitution and/or laws of the United States, plaintiff has failed to state a claim against

him under section 1983.

**SECTION 1983 CLAIMS AND *BIVENS* CLAIMS AGAINST THE REMAINING DEFENDANTS**

      By her Complaint, plaintiff claims the remaining defendants have violated her civil rights

under the Fourth, Fifth, Sixth, and Ninth Amendments.

While plaintiff identifies defendant STEVE DAVIS as a Texas Department of Public Safety Officer, she identifies defendants MATTHEW CLAY and DARRYL CLARK as Deputy United States Marshals.  Since defendant DAVIS is a state official and appears to have been acting under color of state law during the events of which plaintiff complaints, plaintiff's claims are necessarily asserted under section 1983.  The State of Texas has not waived sovereign immunity with respect to claims under section 1983 and is not a "person" within the scope of the statute.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989).  Consequently, there is no vicarious liability against the State of Texas for any of defendant's acts or omissions and any claim for monetary damages against defendant DAVIS in his official capacity lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Nevertheless, a defendant state actor may be liable for monetary damages in his individual capacity.

Defendants CLAY and CLARK, however, are federal officials.  A civil rights lawsuit claiming constitutional violations against federal government actors must be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  A *Bivens* action and a § 1983 suit are coextensive proceedings; the "only difference" being that the former involves an action against federal actors and the latter against state actors.  *See Izen v. Catalina,* 398 F.3d 363, 367 n. 3 (5th Cir.) (*per curiam*), *reh'g and reh'g en banc denied,* 130 Fed. Appx. 705 (5th Cir.2005) and *cert. denied,* 547 U.S. 1111, 126 S.Ct. 1908, 164 L.Ed.2d 663, (2006).  In a *Bivens* action, a federal official may only be sued in his individual capacity.  *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1294 n. 12 (5th Cir.1994).  The United States  has not waived sovereign immunity for constitutional torts

7

committed by its officials and is not vicariously liable for such actions. *Brown v. United States,* 653 F.2d 196, 199 (5th Cir.1981). A federal officer or agent acting under color of federal law may be liable for damages for violating the constitutional rights of another. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The Ninth Amendment[4] does not confer any specific constitutional guarantee. *See Strandberg v. City of Helena,* 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim."). The Ninth Amendment is a residual clause, which is intended to be used as a rule of construction in interpreting other constitutional rights. No cause of action exists based upon its violation. *See. e.g., Schinzing v. City of Burleson,* 1996 U.S.Dist. LEXIS 2261, at *6 n.3 (N.D. Tex. May 22, 1996) (The Ninth Amendment is viewed as a residual clause to the Constitution, and no cause of action exists solely for a violation of the Ninth Amendment."). Therefore, plaintiff's civil rights claim for violation of the Ninth Amendment, whether asserted under section 1983 or as a *Bivens* action, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff alleges she was unlawfully arrested, detained, and interrogated by defendants acting under state and federal authority when, on or about June 14, 2012, the defendants appeared

---

[4]Amendment IX

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

at her place of employment to arrest her on a warrant for traffic violations[5] and as part of an on-going criminal investigation of plaintiff's common-law husband and other family members.  By her Complaint, plaintiff alleges defendant CLAY hit her without justification and threw her into the wall, where she sustained an undisclosed injury.  Plaintiff says defendants used profanity and vulgarity and someone placed a gun to her head.  Plaintiff says she was then transported to the DPS Office and interrogated for 6-7 hours without counsel about the activities of her common-law husband.

Plaintiff alleges that after she refused to answer questions and demanded counsel, "The Police then called the high sheriff to transport [her] to jail and directed that the sheriff not process [her] until after 7 p.m., so that [she] would not make bail until the next day on the resisting arrest charge."  Plaintiff was then transported to the jail for processing of her traffic warrant.  Plaintiff's allegation that a member of the police ordered a delay in her processing does not state a claim against any of the defendants

Because, as plaintiff admits, there was at least one outstanding traffic warrant, officers possessed sufficient probable cause to arrest plaintiff.  *Brooks v. State*, 76 S.W.3d 426 (Tex.App. – Houston [14th Dist.] 2002, no pet.).  Plaintiff complains that she was questioned without counsel.  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense."  Plaintiff makes clear that she was being questioned about the actions of her common-law husband, not about her own wrongful acts, if any.  Therefore, plaintiff's claim of a Sixth Amendment violation lacks an

---

[5]Plaintiff had been charged with driving with an expired/suspended driver's license, which charge was enhanced to a class B misdemeanor after she was charged with driving without liability insurance on January 30, 2012.

9

arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff makes a claim of excessive force by defendant CLAY, alleging that, during the June 2012 arrest, he hit her without justification and threw her into the wall. She also says someone pointed a gun at her head. Nevertheless, plaintiff utterly failed to respond to question no. 5 of the Court's May 30, 2013 Briefing Order Questionnaire by which she was required to give a detailed description of the event and was ordered to state exactly what defendant CLAY did and said and exactly what she did and said.

Critically, by her answer to question no. 11, plaintiff indicates it was defendant CLARK, not defendant CLAY, who made the physical arrest of which she complains. Therefore, it appears plaintiff has dropped her excessive force claim against defendant CLAY.

Plaintiff has not amended her complaint to assert an excessive force claim against defendant CLARK, though she has certainly had sufficient opportunity to do so. To the extent this claim is asserted against defendant CLARK, this incident is at the core of plaintiff's resisting arrest charge. Although plaintiff did not respond to Question No. 4 of the Court's May 30 2013 Briefing Order Questionnaire, asking whether she is still awaiting trial or whether the charges have been resolved, her statements in other pleadings, such as plaintiff's June 17, 2013 "Motion for Extention [sic] of Time" at statement nos. 2 and 3 indicate the case is still pending in the State trial court and has not yet been resolved.

The *Younger* abstention doctrine expresses the fundamental policy against federal interference with state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). The abstention doctrine requires a federal district court to refrain from interfering with

pending state criminal proceedings in deference to the principles of equity, comity, and federalism[6]. Abstention under *Younger* "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.)(citing *Word of Faith World Outreach Center Church*, Inc. V. Morales, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82 (1993)), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2583 (1995). "[T]he pending state proceeding must be ongoing and judicial in nature." *Sierra Club v. City of San Antonio*, 112 F.3d 789, 798 (5th Cir. 1997).

To escape application of this doctrine, the injury threatened must be irreparable, great and immediate, and the threat to federally protected rights must be one that cannot be eliminated by defense against a single criminal prosecution. Further, the Fifth Circuit has held that the *Younger* abstention doctrine is not applicable to a claim for damages. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

It appears that the force plaintiff challenges in the instant suit is central to the criminal proceedings presently pending against plaintiff in state court and, therefore, that abstention is appropriate under *Younger*. In fact, plaintiff appears to be attempting a collateral attack on the charges for which she is awaiting trial by accusing the charging officer(s) of excessive force. With respect to this claim, abstention is appropriate under *Younger*.

The Court notes plaintiff's claim for monetary relief will not be addressed in the pending state criminal prosecution. Under this circumstance, it could be deemed appropriate to stay that

---

[6]*Younger v. Harris,* 401 U.S. 37, 53 (1971).

portion of her claim which deals with monetary relief pending the conclusion of state court proceedings. *Id.*

Nevertheless, plaintiff was ordered to provide the Court with the factual basis for the resisting arrest charge, even if she said she did not do what she was accused of doing. Plaintiff has failed to do anything other than show she was indicted on that charge and has provided no factually specific allegations concerning the incident, despite explicit instructions to do so. Plaintiff was warned that a "failure to fully and timely comply with this Court's order will be construed as a failure to prosecute" and could result in dismissal.

Therefore, to the extent, if any, that plaintiff asserts a claim of excessive force against defendant CLARK, plaintiff has failed to fully comply with the Court's Briefing Order. The statute of limitations will not prevent timely reassertion of this claim with appropriate, factually specific supporting allegations. Therefore, such claims may be dismissed without prejudice for plaintiff's failure to comply with the Court's Order.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, section 1915(e)(2),

IT IS HEREBY ORDERED that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, WITH PREJUDICE AS FRIVOLOUS, UNDER THE ABSTENTION DOCTRINE, AND WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH AN ORDER OF THE COURT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of July, 2013.



MARY LOU ROBINSON
United States District Judge

13